# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

In re:

Helen Shippy,

                  Debtor.

Case No. 19-00130-hb
Chapter 13

## ORDER SANCTIONING SYNERGY LAW, LLC AND REQUIRING DISGORGEMENT OF FEES, PAYMENT OF DAMAGES TO THE DEBTOR, IMPOSING FINES AND SANCTIONS, AND ENJOINING FUTURE ACTIONS OF SYNERGY LAW, LLC

This matter comes before the Court on the motion filed by the United States Trustee ("UST") for entry of an order pursuant to 11 U.S.C. §§ 110 and 105[1] and the Court's inherent authority requiring the disgorgement of fees received, the payment of damages to the debtor, the imposition of fines and sanctions, and the enjoinment of certain conduct by Synergy Law, LLC ("Synergy") filed on July 9, 2019 (the "Motion"). No objections were filed to the Motion. On August 1, 2019, a hearing was held on the Motion. The attorney for the UST, the debtor, the debtor's current attorney Dana Wilkinson, Charles Prescott, and the chapter 13 trustee, Gretchen Holland, attended the hearing. For the reasons stated herein, the Court makes the following findings of fact and conclusions of law.[2]

---

[1] All references to provisions under the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* shall be by section number only.

[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are so adopted.

1

## JURISDICTION AND VENUE

The Court has jurisdiction of this case and proceeding pursuant to 28 U.S.C. §§ 1334(a, b), and 157(a).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FINDING OF FACTS

1. On July 9, 2019, the UST filed his Motion seeking relief against Synergy for its conduct in providing assistance to Helen Shippy in filing this bankruptcy case.  The UST served his Motion on Synergy by First Class Mail at 1101 Connecticut Avenue, NW, Suite 450, Washington, DC 20036, to the attention of an officer, manger, or agent, and to several other addresses.  Ms. Shippy testified that the 1101 Connecticut Avenue address is the address that Synergy provides as its address on its website.  The Court used the 1101 Connecticut Avenue address and other addresses in serving Synergy with notice of the hearing on the Motion and the deadline for any objections.  Therefore, the Court finds that Synergy had appropriate notice of the Motion and hearing.

2. At the hearing on August 1, 2019, Helen Shippy and Charles Prescott testified under oath, and the UST submitted 16 exhibits into evidence.

3. Helen Shippy (the "debtor") filed for relief under chapter 13 of the Bankruptcy Code on January 7, 2019, bearing case number 19-00130-hb.  The voluntary petition was filed using the filing credentials of Charles A. Prescott (the "Attorney").  Synergy is shown as the law firm of Attorney on the petition.  Mr. Prescott testified that Synergy used his CM/ECF filing credentials to file the debtor's case without his knowledge or authorization.

2

4. Ms. Shippy testified she primarily spoke with Stephanie Turk at Synergy, who Ms. Shippy believed was an attorney. Ms. Shippy testified that she spoke with Ms. Turk prior to the bankruptcy filing and after the bankruptcy case was filed.

5. Ms. Shippy testified that she contacted Synergy to assist her in saving her home from a foreclosure sale. Ms. Shippy testified that she first contacted Synergy in October or November of 2018 for their assistance in obtaining a loan modification for her mortgage. Ms. Shippy identified an email dated December 3, 2018, in which Ms. Shippy was forwarding copies of her pay advice to Synergy. The December 3rd email was admitted into evidence as Exhibit 3.

6. Ms. Shippy testified that Synergy told her that she needed to file a bankruptcy case, because the loan modification could not be completed before a foreclosure sale of her residence on January 7, 2019. Ms. Shippy identified an email from Debtorcc to her dated January 3, 2019, in which it was confirmed that Ms. Shippy had completed her credit counseling course. The January 3rd email was admitted into evidence as Exhibit 5. Ms. Shippy testified that Synergy told her that she needed to obtain the credit counseling, and it directed her to Debtorcc to obtain the counseling.

7. Ms. Shippy identified a Contract for Bankruptcy Petition Preparer between her and Susan Signer dated January 5, 2019. Ms. Shippy testified that Synergy gave her Ms. Signer's information so Ms. Shippy could contact her. Ms. Shippy testified that the contract provided that there was no compensation to be paid to Ms. Signer for her services. The contract was admitted into evidence as Exhibit 6.

8. Ms. Shippy identified two attachments described as "skeletal 13 ready to file", which she testified she received from Ms. Signer. These attachments were admitted into evidence as Exhibits 8 and 9. Both exhibits were voluntary petitions with information filled in. Ms. Shippy testified that page 7 of Exhibit 8 reflected that Ms. Signer had assisted the debtor for no compensation, while page 7 of Exhibit 9 showed Synergy as the law firm for the debtor with no attorney being identified. Ms. Shippy testified that she had not told Ms. Signer to show Synergy as the law firm.

9. Ms. Shippy identified her voluntary petition that had been filed with the Court, which was admitted into evidence as Exhibit 10. Ms. Shippy testified that page 7 reflected that Charles Prescott with the law firm of Synergy was her attorney. Ms. Shippy testified that she did not file her petition with the Court, but that Synergy filed it on her behalf.

10. Ms. Shippy identified a Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119), which identified Ms. Signer as a bankruptcy petition preparer for the debtor and included Ms. Signer's social security number. Ms. Shippy testified that she did not know if this form had been filed with the Court. A review of the docket for Ms. Shippy's case reflects that this form was not filed with the Court. Rather, as noted above, the petition reflected that Mr. Prescott was the attorney for the debtor and had filed the document on her behalf.

11. Ms. Shippy testified she had a previous bankruptcy case, which had been dismissed within a year before this case was filed. The petition filed with the Court did not show the prior case, although Ms. Shippy testified that she told Synergy about it. Ms. Shippy also testified that no one at Synergy told her that her current case would be dismissed with prejudice if she did not

4

successfully complete it.

12. Ms. Shippy testified she believed that she was represented by an attorney and relied on Synergy to assist her in the bankruptcy case. Ms. Shippy identified an e-mail she sent to Synergy dated February 19, 2019 in which she sent the certificate showing she completed her debtor education course, a course Synergy told her she needed to take.

13. Ms. Shippy testified that she received a rule to show cause from the Court providing notice that her case could be dismissed due to certain deficiencies. Ms. Shippy testified that she thought Synergy would take care of these things, and she asked Synergy if the hearing could be continued. Ms. Shippy stated that she thought Synergy was handling the continuance of the hearing. Ms. Shippy then received the order dismissing her case with prejudice.

14. Ms. Shippy testified that she reached out to Synergy regarding the dismissal order, but Synergy failed to return her calls or messages, but it eventually indicated there was nothing further it could do for her. Ms. Shippy testified that around this time she learned that Stephanie Turk was not an attorney.

15. A review of the docket in this case shows that a notice of deficiency was issued on January 10, 2019, due to the failure of the filing fee to be remitted. On January 16, 2019, the filing fee was remitted by an attorney, presumably by Synergy.

16. Ms. Shippy testified that she paid Synergy $500 per month for four months, and that Synergy had not refunded any of the money to her. The Disclosure of Compensation of Attorney for Debtor, filed with Ms. Shippy's voluntary petition, reflected that Charles Prescott had agreed to accept $3,500 for legal services and that he had been paid $1,000 prior to the bankruptcy filing.

17. Mr. Prescott testified that he had never met Ms. Shippy, and that he was unaware of her bankruptcy case.  Mr. Prescott testified that he did not authorize Synergy to use his filing credentials in Ms. Shippy's case.

16. Mr. Prescott testified that he had a "trial case" with Synergy at one time.  He had used Synergy's software system (CINcompass) to file a bankruptcy case.  Ultimately, Mr. Prescott decided not to work with Synergy and never signed any agreements with Synergy.  Mr. Prescott testified that Synergy kept his filing credentials in the software system and used them to file Ms. Shippy's case without his knowledge or authorization.

17. Mr. Prescott identified an April 18, 2019 email from Josh Jezsik of CINgroup, the software program Mr. Prescott identified that Synergy used.  In Mr. Jezsik's email, he confirms that an end user ID associated with Mr. Prescott's name and attorney license number exists in the CINcompass Software Account registered to Synergy Law, LLC.  Mr. Jezsik wrote that another end user on the account logged into the software system and filed a bankruptcy case.[3]  The April 18, 2019 e-mail was admitted into evidence as Exhibit 18.  Mr. Prescott testified that he had not inquired of Mr. Jezsik if he could see a similar use by another end user for Ms. Shippy's case, but he presumed it would have to show a similar finding as he had not filed Ms. Shippy's case and had no knowledge of it.

18. Ms. Shippy testified that she almost lost her home to a foreclosure sale because of the dismissal of her case with prejudice.  She also testified she had been harmed by Synergy's actions.  Ms Shippy has now retained new counsel, Dana Wilkinson, and Ms. Wilkinson has assisted the UST in his Motion and appeared at the August 1, 2019 hearing.

---

[3] The case referenced in the e-mail is *In re Rhett Weathers*, Case No. 19-00173-jw.

**CONCLUSIONS OF LAW**

Section 110 provides penalties for persons who negligently or fraudulently prepare bankruptcy petitions. Section 110(a)(1) defines a bankruptcy petition preparer as "a person, other than an attorney for the debtor, or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." The evidence in this case shows that no attorney was involved in the preparation of Ms. Shippy's bankruptcy documents and assistance provided to her. Synergy used Mr. Prescott's filing credentials without his knowledge or authorization. The evidence shows that Synergy sent Ms. Shippy to Ms. Signer, a bankruptcy petition preparer, to fill in the petition and other documents filed. Synergy then changed the page showing Ms. Signer's services and reflected that Charles Prescott was the attorney with Synergy filing the petition on behalf of the debtor. It appears from the evidence that none of the individuals with whom Ms. Shippy communicated were attorneys, and none of the individuals appeared to be under the supervision of any attorney. Therefore, while Synergy purports to be a law firm, only non-attorney individuals assisted Ms. Shippy, with negative consequences. Thus, Synergy acted as a bankruptcy petition preparer in this matter.

Synergy failed to take any steps to comply with §§ 110(b)(1) and 110(c) of the Bankruptcy Code. Specifically, Synergy failed to sign each document for filing, failed to include its name and address on the document for filing, and failed to include its identifying number on the document. A document for filing is defined as a petition or any other document prepared for filing by a debtor in a United States bankruptcy court. § 110(a)(2). Synergy filed on behalf of Ms. Shippy the voluntary petition, Schedule D, and certification verifying the creditor mailing

matrix.

Section 110(e)(1) provides that a bankruptcy petition preparer shall not execute any document on behalf of a debtor. Synergy affixed Ms. Shippy's electronic signature on the voluntary petition and certification verifying the creditor mailing matrix prior to filing those documents with the Court.

Section 110(e)(2) prohibits a bankruptcy petition preparer from providing any legal advice, including whether to file a bankruptcy petition or under which chapter a debtor should commence a case. Advising a debtor regarding which documents to file with the court and/or the completion of the bankruptcy petition, schedules and other pleadings constitutes the practice of law. Conduct constituting the practice of law includes a wide range of activities, including the preparation of legal instruments and advising clients of legal matters. *State v. Buyers Serv. Co., Inc.*, 357 S.E.2d 15, 17 (S.C. 1987); *State v. Despain*, 460 S.E.2d 576, 578 (S.C. 1995) (holding that the preparation of legal documents for presentation in family court constitutes the practice of law when the preparation involves the giving of advice, consultation, explanation, or recommendations on matters of law). "Unquestionably, advising a person to file bankruptcy, and under what chapter to file, constitutes legal advice that can only be given under South Carolina Law by licensed attorneys." *In re Fleming*, C/A No. 17-05544-jw, slip op. * 5 (Bankr. D.S.C. Feb. 22, 2018). The evidence clearly shows that Synergy provided legal advice to Ms. Shippy.

Section 110(f) provides that a bankruptcy petition preparer cannot use the word "legal" or any similar term in any advertisements. Here, Synergy uses the name Synergy Law, LLC, which clearly implies that Synergy provides legal services.

Section 110(g) provides that a bankruptcy petition preparer shall not collect or receive

any payment from the debtor for court fees in connection with filing the case. In response to a deficiency notice regarding the failure to pay filing fees, the filing fees were purportedly submitted by an attorney. Thus, it appears that Synergy used part of the $2,000 received from the debtor to pay the filing fees in violation of § 110(g).

Section 110(h)(2) requires that a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from the debtor in the 12 months prior to the filing of the case. Synergy did not file a declaration disclosing the fees it received from Ms. Shippy. Instead, it filed the Disclosure of Compensation of Attorney for the Debtor showing that Mr. Prescott received $1,000 from Ms. Shippy, and that Mr. Prescott agreed to accept $3,500 for services to be rendered. Ms. Shippy testified that she paid $2,000 to Synergy.

Section 110(h)(3)(B) states, "All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)." § 110(h)(3)(B). Section 110(i)(1) of the Bankruptcy Code states:

> (1) If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor—
>
>   (A) the debtor's actual damages;
>   (B) the greater of—
>     (i) $2,000; or
>     (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
>   (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

§ 110(i)(1). In addition, "A bankruptcy petition preparer, who fails to comply with any

9

provision of subsection (b), (c), (d), (e), (f), (g), or (h), may be fined not more than $500 for each such failure." 11 U.S.C. § 110(l)(1). The Court finds that Synergy acted fraudulently, unfairly, or deceptively in filing Ms. Shippy's bankruptcy case under an attorney's identification without the attorney's consent or authorization.

Section 110(j)(3) provides that "[t]he court, as part of its contempt power, may enjoin a bankruptcy petition preparer that has failed to comply with a previous order issued under this section. The injunction under this paragraph may be issued on the motion of the court, the trustee, or the United States trustee." 11 U.S.C. § 110(j)(3). Synergy was sanctioned by this Court in the case of *In re Weathers*, C/A 19-00173-jw (Bankr. D.S.C. May 20, 2019). The Court takes judicial notice of this order. On May 20, 2019, the Honorable John E. Waites, a bankruptcy judge in this District, entered an order imposing sanctions, fines, and civil penalties on Synergy to be paid within 30 days of the date of the entry of the order. The UST, who is also involved in the Weathers' case, informed the Court that Synergy failed to remit the required payments and a rule to show cause why Synergy should not be held in civil contempt has been issued in that case and will be heard on September 5, 2019. Synergy's failure to comply with the Weathers' order supports that Synergy should be enjoined from assisting or filing bankruptcy cases for residents in the District of South Carolina until it has complied with the Weathers' order and this Order.

The Court also possesses the inherent authority to sanction and discipline parties that appear before it. *In re Henderson*, 360 B.R. 477 (Bankr. D.S.C. 2006). The Court has authority to sanction litigants under § 105. Courts have recognized that the authority provided to bankruptcy courts under § 105 gives the Court power "to issue any order, process, or judgment

that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). *See In re Walters*, 868 F.2d 665, 669 (4th Cir. 1989) (recognizing that § 105(a) allows courts to sanction a party for civil contempt); *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997); *In re Ulmer*, 363 B.R. 777, 781 (Bankr. D.S.C. 2000). Synergy has engaged in the unauthorized practice of law, filed the debtor's case improperly under the filing privileges of Mr. Prescott, and deceived Ms. Shippy into believing that she had an attorney representing her. Such conduct warrants sanctions for Synergy's egregious conduct and to deter such future conduct. This conduct also supports the issuance of an injunction barring Synergy from assisting any person or appearing in any potential or existing bankruptcy case in the District of South Carolina.

**NOW THEREFORE IT IS ORDERED** that the Motion is granted.

**IT IS FURTHER ORDERED** that:

1. For three violations of § 110(b)(1), Synergy is fined $1,500.

2. For its failure to disclose its identity as required by § 110(b), the fines under paragraph 1 are trebled and the fine is $4,500 pursuant to § 110(l)(2)(D).

3. For three violations of § 110(c)(1), Synergy is fined $1,500.

4. For two violations of § 110(e)(1), Synergy is fined $1,000.

5. For violating § 110(e)(2), Synergy is fined $500.

6. For violating § 110(f), Synergy is fined $500.

7. For violating § 110(g). Synergy is fined $500.

8. Pursuant to § 110(l)(4)(A), payment for the fines described in paragraphs 1 – 7, totaling $8,500, shall be made in certified funds, payable to the United States Trustee, and delivered to the Office of the United States Trustee, ATTN: John T. Stack,

AUST, 1835 Assembly Street, Suite 953, Columbia, SC 29201 within 30 days of the entry of this Order.

9. Synergy is ordered to disgorge $2,000 of funds received from Ms. Shippy under § 110(h)(3).

10. Synergy is ordered to pay $4,000 to Ms. Shippy under § 110(i)(1)(B). Ms. Shippy may have actual damages as a result of Synergy's actions, and those damages may be more appropriately addressed in separate actions taken by Ms. Shippy if she so chooses. Nothing in this Order prejudices or has any effect on any claims, causes of action, or other rights or remedies that Ms. Shippy has against Synergy or other parties and individuals.

11. Synergy shall pay $6,000 to Ms. Shippy by delivering a cashier's check made payable to Helen Shippy within 30 days of this Order. The cashier's check will be delivered to the Office of the United States Trustee, ATTN: John T. Stack, AUST, 1835 Assembly Street, Suite 953, Columbia, SC 29201, who will forward the cashier's check to Ms. Shippy upon receipt.

12. Synergy will pay a civil sanction of $5,000.00 to the clerk of this Court within 30 days of the entry of this Order.

**IT IS FURTHER ORDERED** that Synergy shall file a declaration with this Court in this case attesting to its compliance with this Order, and attaching evidence of the payments ordered herein. The failure to file this declaration with the Court is presumptive evidence that the payments and fines required herein have not been made, and may subject Synergy to a motion for additional fines under § 110(h)(5), other civil

penalties, and/or a finding of civil contempt.

**IT IS FURTHER ORDERED** that Synergy is enjoined from appearing in or assisting with any potential or existing bankruptcy case in the District of South Carolina until further order of the Court.  If Synergy decides to assist with any potential or existing bankruptcy case in the District Court of South Carolina in the future, it must seek leave from the Court before doing so.  Synergy would have to demonstrate that it has complied with the orders of this Court and that no national injunction remained outstanding, that it has a licensed attorney in South Carolina, who is admitted to practice before this Court and the District Court, and that its actions are otherwise in compliance with the rules and procedures of this Court.  This order shall not prejudice the UST to bring before the Court appropriate proceedings to address the conduct of Synergy in other cases.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**08/06/2019**



US Bankruptcy Judge
District of South Carolina

Entered: 08/06/2019